EASTERN DIST.
*February*, 1838.

MUSE, SYNDIC, *vs.* YARBOROUGH ET AL.

MUSE, SYNDIC *vs.* YARBOROUGH ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE
PARISH OF EAST FELICIANA, THE JUDGE THEREOF PRESIDING.

11 L 521
45 366.

11 L 521
48 229

11 L 521
50 329
50 1241
51 1290

The syndic representing all the creditors when there has been a *cessio bonorum*, as well as every creditor when there has been no cession, is entitled to an action to annul any fraudulent contract made in fraud of creditors by the insolvent debtor. It is not necessary to the exercise of this action, that opposition on the ground of fraud be made to the proceedings before the notary, within ten days after the appointment of a syndic.

The revocatory action given to creditors to annul contracts made in fraud of their rights, may have for its object any contract or transaction of the debtor, especially confessions of judgment, anticipated payments, and even a refusal to accept an inheritance in fraud of the rights of creditors.

All the property of the debtor passes to his creditors by the cession, whether it be included in his schedule or not.

A contract tainted with fraud confers no rights; and property fraudulently disposed of, is regarded as still belonging to the debtor at the moment of his failure, so far as the interests of his creditors are concerned.

A sheriff's sale or forced alienation, under a fraudulent and collusive judgment, confessed by the debtor in favor of a creditor, giving a preference over other creditors, may be avoided by the syndic of all the creditors, in the revocatory action.

The revocatory action to annul a fraudulent sale, brought by the syndic of the creditors, is not prescribed, if it is commenced within a year after his appointment.

But although the direct action to annul a judgment of separation of property, on the ground of fraud and collusion, may be prescribed, yet the party cannot be precluded from offering evidence to *invalidate* such *judgment*, when it is opposed to him by way of exception by the defendant.

According to the practice in this state, no replication is permitted, consequently every averment in the defendant's answer must be considered as denied; and the plaintiff is permitted to show that they are unfounded in law and fact.

EASTERN DIST.
*February*, 1838.

MUSE, SYNDIC,
vs.
YARBOROUGH
ET AL.

A judgment of separation must be rendered after hearing all the parties; and it is null if it has not been executed by payment of the claims of the wife, evidenced by an authentic act, etc.

A voluntary separation of property between husband and wife, is null; there must be a judgment, and if *it is* not followed by a *bonâ fide* execution, it produces no effects, even between the parties.

This is a revocatory action, instituted by the syndic of the creditors of John Bostwick, to annul a mortgage and act of pledge of sundry pieces of real property in the parish of East Feliciana, and two promissory notes for two thousand dollars each, made in favor of Stephen Yarborough, a creditor of Bostwick. The acts were passed the 27th February, 1832, and the 30th April, 1833, purporting to convey this property, and pledge the notes to Yarborough for the purpose of indemnifying him against any damages he might sustain for having signed and given to said Bostwick a letter of credit to Reynolds, Byrne & Co. of New-Orleans, for five thousand dollars.

The plaintiff alleges and shows, that on the 5th of November, 1833, Bostwick confessed judgment in favor of Yarborough, based on this letter of credit, for the sum of five thousand five hundred dollars, which ordered the mortgaged and pledged property to be seized and sold in satisfaction thereof. In December, Yarborough took out execution on this judgment, and had it levied on all the mortgaged and pledged property, and on the following January, 1834, sold at private sale by notarial act to M. & E. Boatner, the judgment, execution and all the property thus pledged and mortgaged, for the sum of five thousand one hundred and sixty dollars; and further, on the 3d February, 1834, the whole of this property was bid off at the sheriff's sale under Yarborough's seizure, by the said M. & E. Boatner, for the sum of five thousand six hundred and ten dollars.

The plaintiff alleges that the whole of these proceedings and sales are null and void, and in fraud of the creditors of John Bostwick. He therefore prays, that Yarborough and M. & E. Boatner be cited, and made parties to this suit, and that he have judgment, annulling said mortgage, pledge,

sales and transfers of said property, and that it be recovered
and returned to the mass for the benefit of the creditors of
Bostwick.

The defendants denied that the plaintiff was syndic as he
alleges, or that any amicable demand was ever made on
them.

They further aver, that the property so pledged, mortgaged
and sold, was the sole and exclusive property of Susan
Bostwick, a married woman, separated in property from her
husband, John Bostwick, by a judgment of court.

The defendants further pleaded the prescription of one
year, against the right of the plaintiff to attack the judgment
of separation of property obtained by Susan Bostwick against
her husband, in 1822 ; and also the sales made under it, to
her, of the husband's property, and particularly the mortgage
given on this same property by Susan Bostwick and John
Bostwick to Stephen Yarborough.

Upon these pleadings and issues the parties went to trial
before the court and a jury.

Much testimony was offered, on the part of the plaintiff, to
show, that in reality the property mortgaged and finally sold
to the defendants, was the property of John Bostwick, the
ceding debtor, and that these sales and conveyances were
fraudulent and collusive, and gave an undue preference to
Yarborough over other creditors.

Bostwick sued his creditors and made a surrender of his
property on the 7th February, 1834, and this suit was
commenced by the syndic, the 7th of April following.

The defendants offered evidence to show, that the property
in question, belonged to Susan Bostwick, the wife, and pro-
duced in evidence, her judgment of separation obtained in
1822, against her husband ; and an execution issued thereon
in 1828, which was levied on some property of the husband,
and which she purchased in for her own benefit, including
that now sued for.

After the defendants had closed their testimony, the
plaintiff offered rebutting evidence, to show that John
Bostwick continued in the possession and administered all

EASTERN DIST.
February, 1838.

MUSE, SYNDIC,
vs.
YARBOROUGH
ET AL.

the property of himself and wife, at their residence in Clinton, and for the further purpose of showing fraud and collusion in the judgment of separation between the husband and wife. The defendants objected to the introduction of this testimony.

1. That it would be allowing the party to attack the judgment collaterally.

2. That if admissible, it should have been introduced before the examination of his testimony in chief.

3. That the plaintiff is barred by prescription.

The district judge overruled all these objections and permitted the evidence to be given.

In relation to prescription, the judge decided, that this suit having been commenced within a year from the appointment of the syndic, it was in time. *Louisiana Code*, 1989, 1984. 4 *Louisiana Reports*, 257.

On the second point the decision was, that as the plaintiff was not allowed to file a replication to the defendant's averments setting up this judgment, they must be considered as denied, and the plaintiff allowed to show that they are unfounded in law or fact. *Code of Practice*, 329. 2 *Louisiana Reports*, 137. 4 *Ibid.*, 335.

On the first point, the opinion of the judge was, that as the judgment was set up in the answer in support of the defendant's claim to the property, on the ground that it originally belonged to the wife of Bostwick, in virtue of this judgment of separation, evidence was admissible to contest the rights claimed under it.

Upon the whole evidence the jury returned a verdict for the plaintiff; judgment was rendered on this verdict, annulling the mortgage and pledge, and also the judgment of Yarborough *vs.* Bostwick, and condemning the defendants to restore the property to the syndic. The defendants appealed.

*T. L. Andrews* and *Muse*, for plaintiff.

1. The mortgage and judgment confessed by Bostwick, was for no sum actually due. The mortgage was given as an indemnity for the letter of credit to Reynolds, Byrne &

·Co., and there is no evidence that it was actually paid by Yarborough; there was, therefore, no specific sum or obligation due. *Louisiana Code*, 3273, 3277, 3249.

EASTERN DIST.
*February*, 1838.

MUSE, SYNDIC,
*vs.*
YARBOROUGH
ET AL.

2. The judgment was illegal, because it was confessed by the insolvent within three months of his failure, and the cause of action set forth in Yarborough's petition, did not entitle him to any thing more than a judgment of indemnity, as guarantor in the letter of credit. Instead of that, he had judgment for a sum of money actually due. *2 Moreau's Digest*, 431. *Louisiana Code*, 3021, 3026, 1964.

3. The sale was illegal, because there was no appraisement of the property, and no order of court to sell the notes in pledge. *Louisiana Code*, 3138. *9 Louisiana Reports*, 541.

4. The judgment of separation between Bostwick and wife, is null, as it was never executed according to law, nor published; and because it is fraudulent and collusive, having ·been rendered without evidence of the wife's claim, other than that furnished by the husband. *Louisiana Code*, 2401, 2402–3, and 8. *1 Martin, N. S.*, 1. *8 Ibid.*, 459. *13 Toullier*, page 104, *No.* 69, page 107, *No.* 73. *Lucket* vs. *Lucket*, 11 *Louisiana Reports, ante,* 241.

5. The judgment of the wife against her husband, as to third 'persons, may be attacked for fraud and collusion, as not binding on creditors of the husband unless shown to have been fairly obtained. *2 Louisiana Reports*, 137. *4 Ibid.*, 257, 335, 422. *13 Toullier, No.* 95.

*Lawson* and *Preston*, for defendant.

1. The court erred, in admitting testimony to attack the judgment of Susan Bostwick, who was not a party to this action. The plaintiff should have resorted to a direct action, to annul the judgment. *1 Martin, N. S.*, 568. *3 Ibid.*, 336. *5 Ibid.*, 361. *6 Ibid.*, 137. *9 Louisiana Reports*, 339.

2. If this testimony was admissible, to support any substantial allegation in the petition, the plaintiff should have offered it in the opening of his case.

3. The prescription was pleaded; and the plaintiff's action against the judgment of separation of Susan Bostwick, and

EASTERN DIST.
February, 1838.

MUSE, SYNDIC,
vs.
YARBOROUGH
ET AL.

to annul the mortgage to Yarborough, was prescribed, by the lapse of one year from the date of those acts. *Louisiana Code,* 1988–9.   8 *Martin, N. S.,* 674..

4. The creditors of Bostwick failed to make opposition to these proceedings within ten days, in which all these claims were settled in the *concurso,* and the whole proceedings were homologated, by which they became *res judicata,* and cannot now be disturbed.   After the lapse of ten days from the close of the proceedings before the notary, the creditors cannot examine into the transactions of the insolvent, either before or in the proceedings before the notary.   2 *Martin, N. S.,* 57. 4 *Ibid.,* 601, 620.   8 *Ibid.,* 674.   2 *Louisiana Reports,* 503. *Session Acts of* 1817, *section* 17 *to* 24.   8 *Martin,* 67. 2 *Louisiana Reports,* 357, 503.

5. The syndic of Bostwick's creditors cannot maintain this action, because, by the homologation of the proceedings they admit the transactions, sales, and mortgages of Bostwick were fair and valid, and that his surrender was fairly made. All these are admitted, as no opposition was made, and a judicial admission bars this action.   *Session Act of* 20*th February,* 1817, *sections* 1, 2, 3, 4 and 5.

6. The creditors cannot recover, because *only* the property of the insolvent debtor mentioned in this schedule, is fully vested in his creditors, and which, the syndic appointed to represent them, shall take into his possession, and administer. He is only entitled to recover and to administer this, which is all that is included in the surrender.   *Act of* 1817, *sections* 3, 18 and 30.   *Act of* 1826, *section* 2.   3 *Louisiana Reports,* 462.   4 *Ibid.,* 142.

7. The creditors cannot avoid forced sales, such as that of Yarborough's, when the right is not ceded and accepted; they can only attack fraudulent contracts of the insolvent. *Louisiana Code,* 1965.

8. But in this case, the property sought to be recovered, belonged to Susan Bostwick, until sold by the sheriff in Yarborough's suit, and the syndic has no right to sue for the property of third persons.   If the sale or mortgage by Susan Bostwick was fraudulent, it should have been attacked, and

not the right of purchasers. *Louisiana Code*, 1964–5–6.
3 *Martin, N. S.*, 338. 5 *Ibid.*, 633. 6 *Ibid.*, 139. 4
*Louisiana Reports*, 316. 9 *Ibid.*, 385.

9. The sheriff's deed and return upon the execution and judgment, furnish *prima facia* evidence of a valid alienation, and he who attacks it, must show that the forms of law have not been complied with. 8 *Louisiana Reports*, 321.

10. But if this sale was informal, the creditors of John Bostwick cannot attack it and have it annulled. The creditors *only* of Susan Bostwick can question its validity. *Louisiana Code*, 1965. 2 *Louisiana Reports*, 70. *Napoleon Code, article* 225.

11. The syndic cannot attack the mortgage to Yarborough, so far as J. Bostwick is a party to the act, because it does not appear that a portion of J. Bostwick's creditors had judgments obtained more than a year from the date of the act, without bringing an action to avoid it; and further, it does not appear that another portion were creditors at the time of surrender, and were not creditors at the date of the mortgage; and finally, more than one year elapsed from the date of the mortgage to the appointment of the syndic, or the institution of this suit. *Louisiana Code*, 1988–9. 8 *Martin, N. S.*, 674. 3 *Louisiana Reports*, 329.

12. This is an action of rescission, not of nullity, and an injury must be shown; proof of fraud is not sufficient. *Louisiana Code*, 1864, 2572, 1973. 2 *Martin, N. S.*, 75. 5 *Louisiana Reports*, 382.

*Bullard, J.*, delivered the opinion of the court.

The syndic of the creditors of John Bostwick instituted the present suit, in order to annul the disposition of certain property, shortly previous to his surrender, on the ground of fraud, and certain nullities in the proceedings.

The principal facts alleged are, that Bostwick, some years ago, obtained from Yarborough a letter of credit, addressed to the house of Reynolds, Byrne & Co., for a sum not to exceed five thousand dollars; that in order to secure and indemnify Yarborough, he and his wife gave a mortgage on

EASTERN DIST.
February, 1838.

MUSE, SYNDIC,
vs.
YARBOROUGH
ET AL.

the property now in controversy, and also executed a pledge of two promissory notes of two thousand dollars each ; that long before Yarborough had paid any thing on account of the letter of credit, Bostwick, the insolvent, on the 5th November, 1833, confessed a judgment in his favor, a short time before his failure, and the property mortgaged and pledged, was seized and sold. Previous to the seizure on execution, Yarborough transferred the judgment and all his interest, to M. and E. Boatner, who, as well as their assignor, are made parties. The property, consisting of lands, slaves and notes, was sold in mass, and purchased by the defendants, Boatner.

The plaintiff, not only alleges the nullity of the original mortgage and pledge, and the confession of judgment, and the sheriff's sale, on various legal grounds, but he distinctly charges and alleges that the whole proceeding was a fraudulent and collusive contrivance, concocted among the defendants and J. Bostwick, to cover the property of the latter, then insolvent, to the full knowledge of all the parties concerned. The judgment, on the confession of Bostwick and wife, was signed in November, 1833 ; the property sold on execution, on the 3d of February following, and the surrender made on the 12th of the same month. The whole transaction, except the executing of the mortgage and pledge, took place within the three months next preceding the failure.

To the petition of the syndic, the defendants pleaded the following exceptions, which have been relied on in argument, together with others which were abandoned : 1st. That the syndic is barred and prescribed by the lapse of ten days from the meeting of the creditors before the notary, the creditors having failed to make opposition to the surrender, on account of frauds and nullity in the proceedings, or of any previous frauds in the transactions of the ceding debtor. 2d. That the syndic, not being the representative of the ceding debtor, cannot exercise any rights merely personal to him. 3d. That being the representatives of the creditors who accepted the surrender without opposition, the syndic is limited in his functions and rights, and the property surrendered. 4th.

Because a suit, either against the ceding debtor or other persons, on account of fraud and nullities, cannot be carried on after the surrender.    5th. That the creditors cannot inquire into the proceedings previous to the execution on which the sale was made.    6th. That the syndic cannot maintain an action to avoid a forced alienation of property of the ceding debtor, prior to the surrender.    7th. That the syndic cannot maintain this action to rescind said sale, because the property belonged to Susan Bostwick, a joint debtor, and against whom a joint judgment was obtained and executed, by the forced sale above mentioned.

These exceptions having been overruled, the defendants answered, denying any amicable demand, but admit the sheriff's sale; and they allege, that the property acquired by them, was that of Susan Bostwick, the wife of the ceding debtor, separated of property from him, and was sold as such. They further plead the prescription of one year.

Upon the issue thus made up between the parties, the case was submitted to a jury, whose verdict, being against the defendants, was followed by a judgment, annulling the alienation, and restoring the property to the mass.    The defendants appealed.

Our attention is first called to the exceptions, the last of which may be considered rather as an answer to the merits, setting up the title of Mrs. Bostwick, independently of her husband, and will be noticed hereafter. The rest, when analysed, resolve themselves into the following propositions, which have been maintained in argument.

1st. That no opposition having been made within ten days, on the ground of fraud, but the creditors having accepted the surrender, the functions of the syndic are confined to the administration of the property, and exercising the actions surrendered, and that he cannot inquire into any nullities or frauds in the transactions of the insolvent, prior to the cession.

2d. That the syndic cannot attack a forced alienation of any property of the ceding debtor, made prior to the surrender.

67

EASTERN DIST.
February, 1838.

MUSD, SYNDIC,
vs.
YARBOROUGH
ET AL.

The syndic, representing all the creditors when there has been a *cessio bonorum*, as well as every creditor when there has been no cession, is entitled to an action to annul any fraudulent contract made in fraud of creditors by the insolvent debtor. It is not necessary to the exercise of this action, that opposition on the ground of fraud be made to the proceedings before the notary, within ten days after the appointment of a syndic.

The revocatory action given to creditors, to annul contracts made in fraud of their rights, may have for its object any contract or transaction of the debtor, especially confessions of judgment, anticipated payments, and even a refusal to accept an inheritance, in fraud of the rights of creditors.

I. The counsel for the appellants relies, in support of his first proposition, upon the provisions of the act of 1817, relative to the voluntary surrender which authorizes any creditor, within ten days after the appointment of syndic, to make opposition on the ground of alleged frauds, committed by the ceding debtor, or illegality of the proceedings before the notary, and which declares, that if such charge of fraud be found true by the jury, the party shall be forever deprived of the benefit of the laws made in favor of insolvent debtors. The effect of sustaining a charge of fraud against the debtor, is to declare him a fraudulent bankrupt, and not entitled to his discharge under the act. We think it clear, that this section relates merely to the debtor personally, so far as it regards his claim to enjoy the benefits of the act, because the persons with whom he may have entered into fraudulent contracts may not be parties to the *concurso*, and such contracts could not be avoided without making them parties.

But the act of 1817 must be taken in connexion with the provisions of the Code on this subject. The articles cited in argument, gives to the representatives of all the creditors when there has been a cession, as well as to every creditor when there has been no cession, an action to annul any contract made in fraud of their rights. *Louisiana Code,* 1965, *et seq.*

The revocatory action thus given, may have for its object any contract or other transaction of the debtor, especially confessions of judgment, anticipated payments, and even a refusal to accept an inheritance in fraud of the rights of creditors. Such mortgages, and judgments confessed, as took place within three months preceding the cession, are presumed to be fraudulent. The Code establishes the broad principle, that every act done by a debtor with the intent of depriving his creditor of the eventual right he has upon the property of such debtor, is illegal, and ought, as respects such creditor, to be avoided. *Louisiana Code, article* 1964.

But it is urged, that only such property and rights as are set forth in the schedule, vest in the creditors. We do not

so understand it.  All the property of the debtor is presumed to be embraced in the schedule, because he is to swear that it is; and if any has been omitted, it is clear it does not belong to the debtor, but passes to the creditors, by the cession.  A contract tainted with fraud, confers no rights, and property fraudulently disposed of, is regarded as still belonging to the debtor at the moment of his failure, so far as the interests of his creditors are concerned.

II.  It is further contended, that only contracts of the insolvent can be avoided by this action, and that in this case it is not a contract but a forced alienation ; a sheriff's sale under execution, which is sought to be annulled ; that the defendants show the sheriff's deed, and judgment, and execution, and that the syndic is without faculty to inquire into the regularity of the proceedings prior to the failure.  But if it be true, as alleged, that the confession of judgment which forms the basis of all the subsequent proceedings, was collusive and fraudulent, either because no debt was really due, or because the intention was to give to Yarborough an undue preference over other creditors, and that all the parties were conversant of the facts, then looking to the substance rather than forms, we may conclude that the employment of the sheriff and an execution was merely a species of machinery by which a fraudulent alienation was to be effected.  It is sufficient to inquire into the character of the judgment confessed, for if that was fraudulent, all the proceedings founded upon it were null and void between the parties ; for, in the eye of the law, no difference exists between a voluntary conveyance of property for fraudulent purposes, and such an alienation disguised under the forms of judicial proceedings.

It is true, the mortgage and pledge were made more than a year before the failure of Bostwick.  But at the time the judgment was confessed, Yarborough either was or was not his creditor.  If he was not, then the judgment as it relates to creditors, was void and conferred no rights ; if he was, then the inquiry is, whether the proceeding was designed to give him an undue preference over other creditors.  In either

EASTERN DIST.
*February*, 1838.

MUSE, SYNDIC,
*vs.*
YARBOROUGH
ET AL.

All the property of the debtor passes to his creditors by the cession, whether it be included in his schedule or not.

A contract tainted with fraud, confers no rights; and property fraudulently disposed of, is regarded as still belonging to the debtor or at the moment of his failure, so far as the interests of his creditors are concerned.

A sheriff's sale or forced alienation, under a fraudulent and collusive judgment, confessed by the debtor in favor of a creditor, giving a preference over other creditors, may be avoided by the syndic of all the creditors, in the revocatory action.

EASTERN DIST.
*February*, 1838.

MUSE, SYNDIC,
*vs.*
YARBOROUGH
ET AL.

case the jury might well pronounce that there was collusion and fraud.

III. This brings us to the title of Susan Bostwick, who is alleged to have been legally separated of property from her husband and owner of the property in controversy. It is conceded on all hands, that if the community of acquests and gains still existed between Bostwick and wife, it is quite immaterial in whose name the property was acquired. The defendants allege the separation by way of exception, and as the basis of the separate title of Mrs. Bostwick, and the plaintiff in the progress of the trial offered evidence to show that John Bostwick continued to administer all the property in the town of Clinton, and that there was fraud and collusion in the pretended separation of property. The introduction of such evidence was opposed, on the ground that it would be to allow the judgment to be attacked collaterally, and that the plaintiff is barred by prescription. The evidence was admitted and the defendants took a bill of exceptions, in which the opinion of our learned brother is clearly stated.

The revocatory action to annul a fraudulent sale, brought by the syndic of the creditors, is not prescribed, if it is commenced within a year after his appointment.

But although the direct action to annul a judgment of separation of property, on the ground of fraud and collusion, may be prescribed, yet the party cannot be precluded from offering evidence to *invalidate* such judgment, when it is opposed to him by way of exception by the defendant.

With respect to the plea of prescription, the judge held, that this suit having been brought within one year after the appointment of the syndic, the action is not prescribed. In this he was clearly right; but if the defendants meant to say that the plaintiff's direct action to annul the judgment of separation, on the ground of fraud and collusion being prescribed, he was also precluded from offering evidence to invalidate it when opposed to him by way of exception, we think the proposition equally untenable. He may never before have had any interest in questioning the validity of the separation. The property had been sold in pursuance of a judgment upon an obligation, apparently entered into by both husband and wife, and for aught that appears, she had acquiesced. The purchasers assert her title to the whole property as separated of property ; and although a direct action to annul the separation may be prescribed, if indeed such an action be in any case necessary, we think the maxim applies, " *quae temporalia sunt ad agendum perpetua sunt ad excipiendum.*" The court below recognized the well

settled principle, that inasmuch as no replication is permitted in our practice, every averment in the defendant's answer must be considered as denied, and the plaintiff permitted to show that they are unfounded in law and fact. This doctrine has been repeatedly recognized by this court. 4 *Louisiana Reports*, 257. 1 *Martin, N. S.*, 1.

The judgment of separation was pronounced in 1822, but appears neither to have been published, nor any attempt made to execute it until 1828. At that time an execution appears to have issued and was satisfied by a sale of some of the husband's property.

The code which was in force at that time, declares, that every voluntary separation of property is null, both as respects third persons, and the husband and wife between themselves. To render such separation valid, it must be ordered by a court of justice, after hearing all parties, and the judgment is null if it has not been executed by the payment of the rights and claims of the wife, evidenced by an authentic act, or at least a *bonâ fide* non-interrupted pursuit to obtain payment. *Louisiana Code of* 1808, *page* 343, *articles* 87 *and* 88.

All the evidence in this case tends to show, that the pretended separation was a voluntary one, and as such, did not put an end to the community of acquests and gains. What the law declares to be null, we cannot consider as valid for any purpose. It is not the mere judgment of separation which renders the parties separate of property. The judgment recognizes the necessity for a separation, and judicially authorizes it; but if not followed by a *bonâ fide* execution, it produces no effects even between the parties. 13 *Toullier, Nos.* 69, 73, 75.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

EASTERN DIST.
*February,* 1838.

MUSE, SYNDIC,
*vs.*
YARBOROUGH
ET AL.

According to the practice in this state, no replication is permitted, consequently every averment in the defendant's answer must be considered as denied; and the plaintiff is permitted to show that they are unfounded in law and fact.

A judgment of separation must be rendered after hearing all the parties; and it is null if it has not been executed by payment of the claims of the wife, evidenced by an authentic act, etc.

A voluntary separation of property between husband and wife, is null; there must be a judgment, and if it is not followed by a *bonâ fide* execution, it produces no effects, even between the parties.