804 So.2d 878 (2001)
Elton J. DUGAS
v.
Meritia DUGAS.
No. 01-669.
Court of Appeal of Louisiana, Third Circuit.
December 26, 2001.
Rehearing Denied February 6, 2002.
Anthony Fazzio, Lafayette, LA, Counsel for Appellant: Nabbie Cahanin.
Thomas Robert Shelton, Shelton Law Firm, Lafayette, LA, Counsel for Defendants/Appellants: Meritia Dugas, AAA Answering Service.
John W. Johnson, Clanton & Johnson, Eunice, LA, Dave Tyler Johnson, Lafayette, LA, Counsel for Plaintiff/Appellee: Elton J. Dugas.
Court composed of ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, and GLENN B. GREMILLION, Judges.
WOODARD, Judge.
Mr. Elton J. Dugas filed suit against his daughter, Ms. Meritia Dugas, on September 1, 1998, seeking the return of various immovable and movable properties, which he had transferred to her in January of 1995 to place them beyond potential judgment creditors' reach. He filed a motion *879 for summary judgment and, subsequently, she filed an exception of no right of action and a motion for summary judgment. The trial court denied her requests but granted his motion for summary judgment, returning the properties to him for a failure of consideration and defects in form in the transactions. Ms. Dugas appeals. We reverse.

* * * * * *
In 1995, Mr. Dugas attempted to transfer various immovable and movable properties, which he had acquired, to his daughter, Ms. Meritia Dugas. His admitted purpose for these transfers was to place his properties beyond the reach of potential judgment creditors, who were suing him at the time of the transfers.
After the threat, which potential judgment creditors posed, had passed, he asked his daughter to return the properties to him. When she refused, he filed suit against her. In his motion for summary judgment, dated May 19, 2000, he contended that transfers A through I were simulated sales which lacked adequate consideration and were actually disguised donations, thus, null and void for lack of proper authentic form. Furthermore, he asserted that no genuine issue of material fact exists and that he is entitled to a partial summary judgment, as a matter of law, declaring the transfer instruments to be null and void and without legal effect.
On July 20, 2000, his daughter countered by filing an exception of no right of action and her own motion for summary judgment. Her premise for both was basically the sameMr. Dugas made these transfers for an illicit and immoral purpose; consequently, they were absolutely null, and, because he knew this when he made them, he forfeited his right to recover them. In her exception of no right of action, she seems to have reasoned that because he did not have a right to recover them, he had no interest in the cause; therefore, no right of action.
The motions and exception were scheduled for a hearing on August 31, 2000. The trial court took them under advisement, ultimately, issuing written reasons on December 15, 2000. It denied Ms. Meritia Dugas' exception of no right of action, finding that Mr. Dugas had an interest in the subject matter of the suit the properties. It denied the daughter's motion for summary judgment after concluding that there were genuine disputed issues of material fact concerning the reason for the properties' transfers. Nevertheless, the trial court ruled on the merits when it granted Mr. Dugas' motion for summary judgment. Regarding Mr. Dugas' motion, it found that no material issue of facts existed concerning the transfers' nullity for various defectsspecifically, Ms. Dugas had not furnished adequate consideration for the sales; therefore, there was no sale, and the attempted sales were not donations because of defects of form; namely, only one person and a notary witnessed the transactions, when the law requires that there be two witnesses' signatures on the instruments, plus the notary.
In its judgment, the trial court declared all transfers to be null and without legal effect, except for the property located at 309 Voorhies Street, Lafayette, No. 94-35186, which it determined to be a valid donation. Thus, in effect, it returned all properties, except for the former, to Mr. Dugas.

EXCEPTION OF NO RIGHT OF ACTION
Ms. Dugas alleged that the transfer instruments were performed for an illicit and immoral purpose; consequently, they were absolutely null, and Mr. Dugas could not recover the properties from her because of La.Civ.Code art. 2033's prohibition; *880 therefore, he does not have an interest in them and, accordingly, no right of action to recover them.
La.Civ.Code art. 2030 provides:
A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.
Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.
La.Civ.Code art. 2033 states:
An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.
Nevertheless, a performance rendered under a contract that is absolutely null because its object or its cause is illicit or immoral may not be recovered by a party who knew or should have known of the defect that makes the contract null. The performance may be recovered, however, when that party invokes the nullity to withdraw from the contract before its purpose is achieved and also in exceptional situations when, in the discretion of the court, that recovery would further the interest of justice.
Absolute nullity may be raised as a defense even by a party who, at the time the contract was made, knew or should have known of the defect that makes the contract null.
Ms. Dugas' conclusion from La. Civ.Code art. 2033, that Mr. Dugas has no interest in the cause, would be correct only if the court had already ruled the transfers to be null. As the trial court noted, "To be successful on an exception of no right of action, the defendant must establish that the plaintiff has no interest in the subject matter of the suit or no legal capacity to proceed with the suit." However, at this point, Mr. Dugas has an obvious interest in the outcome of this litigation, since he owned the properties in question, he was a party to their transfer, and now, he is challenging whether the transfers were proper and whether he is entitled to their return. To rule otherwise, would be to deny him due process. The exception of no right of action does not apply to this situation. Essentially, the facts which Ms. Dugas alleged under this exception constitute a defense against the merits of the suit. As the trial court correctly noted, "A defendant may not use an exception of no right of action to raise a defense to the merits of the suit."
Accordingly, the trial court did not err in denying Ms. Dugas' exception.

THE MOTIONS FOR SUMMARY JUDGMENT
Appellate courts review summary judgments, de novo, under the same criteria that governed the trial court's consideration of whether summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
*881 La.Code Civ.P. art. 966, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, that party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains to be decided.[3] Facts are material if they determine the outcome of the legal dispute.[4] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[5] Once the mover makes this prima facie showing, the burden shifts to the nonmover.[6] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In summary, the threshold question, in reviewing a trial court's grant of summary judgment, is whether a genuine issue of material fact remains.[7] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[8] Thus, summary judgment is apropos when all relevant facts are brought before the court, they are undisputed, and the sole, remaining issue relates to the legal conclusion to be drawn from the facts.[9]

MS. MERITIA DUGAS' MOTION FOR SUMMARY JUDGMENT
As an alternative to her exception of no right of action, Ms. Dugas moved for summary judgment, alleging that there was no dispute of material fact that, again, the transfers were null because of their alleged illicit or immoral cause. However, the trial court disagreed with her, finding that the "defendant has not shown that she is entitled to judgment as a matter of law and material issues of fact exist as to the alleged illicit or immoral cause of the contracts at issue."
Louisiana public policy does not permit a potential debtor to transfer property to someone else in order to secrete it from potential creditors, in essence, for an illicit purpose. This applies to transfers made at the time that a cause of action accrues before a potential creditor files a suit or obtains a judgment.[10] Jurisprudence, even, gives a potential creditor standing and a cause of action to set the illicit transfer aside.[11]
At the time of his transfers, multiple suits were pending against Mr. Dugas. He admitted that he transferred his properties to his daughter to put them out of these potential creditors' reach. Apparently, to make this palatable, however, he, also, said that he was trying to safeguard his children's inheritance; he trusted that *882 Ms. Dugas would, eventually, pass to them their share of the properties. Regardless of which one of these reasons, or both, one accepts, it is inescapable that his predicate reason for the transfers was, solely, to avoid the risk of having his properties seized by ultimate creditors. In other words, if he were transferring the properties to safeguard them for his children, he was doing so because of his fear that creditors would seize them, and the properties would no longer be available for his children. Thus, the transfers were still made to escape the grasp of creditors. Otherwise, if all he really wanted was for his children, ultimately, to receive the properties, a will to that effect would have sufficed. Further, his attempt to rescind the transactions so that the properties would be returned to him, instead of being left for them, contradicts his claimed intent. Notwithstanding, La.Civ.Code arts. 2030 and 2033, as well as the jurisprudence,[12] do not make an exception for transferring properties out of potential creditors' reach, if the transfer is for one's children's interests.
Given Mr. Dugas' own admission that his reason for making the transfers was to safeguard his properties from his potential creditors, we find that there is no dispute on this issue, and the trial court erred in not granting Ms. Dugas' motion for summary judgment on this basis. Mr. Dugas adds that his actions did not damage any creditor, because he paid them what he owed; therefore, there should be no problem. However, under La.Civ.Code arts. 2030 and 2033, this is not relevant. Though, there is one exception under La. Civ.Code art. 2033:
The performance may be recovered, however, when that party invokes the nullity to withdraw from the contract before its purpose is achieved and also in exceptional situations when, in the discretion of the court, that recovery would further the interest of justice.
(Emphasis added). However, Mr. Dugas cannot avail himself of this exception, because he waited until his purpose was achieved; i.e., the danger, which his creditors posed, had passed, to attempt to withdraw the transfers.
Thus, Mr. Dugas' transfer of his properties to his daughter to shield or conceal his assets from his anticipated creditors was for an illicit and immoral purpose for the transfers. Accordingly, application of La. Civ.Code art. 2033 is appropriate in this case. To do otherwise and to return his former properties to him, would not only be tantamount to sanctioning but, also, participating in this type of "game" and manipulation of the system. This would put the entire judiciary in jeopardy of losing credibility and waste valuable court time and resources, not the least of which are the taxpayers' funds. Although the remedy may seem harsh, Mr. Dugas is no worse off than he was before this judgment, since he intentionally entered into transactions giving up his properties.
Accordingly, since there is no question that he transferred properties for an illicit purpose, under La.Civ.Code art. 2033, he forfeits his right to have them returned to him and Ms. Dugas retains their ownership. While we recognize her participation in the illicit transactions and are therefore loathed to allow her to benefit, we only know of La.Civ.Code art. 2033's remedy.[13]
Accordingly, we reverse the trial court's decision in favor of Mr. Dugas and affirm *883 it in favor of Ms. Dugas. This renders Mr. Dugas' motion for summary judgment moot.

CONCLUSION
Mr. Dugas transferred multiple properties to his daughter, Ms. Dugas, in order to put his properties out of potential creditors' reach. After that danger passed, he sought to undo the transactions and have the properties returned to him. When his daughter refused, he filed suit against her. She countered with an exception of no right of action, saying he no longer had interest in the cause to challenge the transfers, and, in the alternative, a motion for summary judgment, urging that because the transfers were for an illicit purpose, he could not recover the properties. He, also, filed a motion for summary judgment. The trial court denied both of the daughter's filings and granted Mr. Dugas' motion, negating all but one transaction, as being defective for one reason or another and, therefore, null.
We affirmed the denial of the exception of no right of action but reversed the court's ruling, denying Ms. Dugas' summary judgment, under La.Civ.Code art. 2033.
For the foregoing reasons, the judgment of the trial court denying Ms. Dugas' motion for summary judgment is reversed. We further affirm the trial court's judgment denying her exception of no right of action. The costs of this matter are assessed to Mr. Dugas.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.
NOTES
[1] Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979.
[2] La.Code Civ.P. art. 966(B).
[3] Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
[4] Soileau, 702 So.2d 818.
[5] Id.
[6] Id.
[7] Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.
[8] Id.
[9] Id.
[10] LeBlanc v. American Emps. Ins. Co., 364 So.2d 263 (La.App. 3 Cir.1978), writs denied, 366 So.2d 911, 916, 917 (La.1979). See also, La.Civ.Code art. 2036.
[11] Id.
[12] See generally, Boatner v. Yarborough, 12 La.Ann. 249 (1857).
[13] La.Civ.Code art. 2033; Boatner, 12 La. Ann. 249. See also 2 LITVINOFF OBLIGATIONS 163-69 (1975).