# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-340


**JOEL GUZMAN**

**VERSUS**

**JAGO SOLUTIONS, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – District 04
PARISH OF LAFAYETTE, NO. 16-03228
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Shannon J. Gremillion, Judges.


**REVERSED.**

**Kirk Lindsay Landry**
**Keogh, Cox & Wilson, Ltd.**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **LCI Workers' Comp**

**Jeffrey Waltz**
**The Waltz Law Group, L.L.C.**
**1100 Poydras St., Suite 2620**
**New Orleans, LA 70163**
**(504) 264-5260**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Jago Solutions, LLC**

**William H. Beaumont**
**Roberto Luis Costales**
**Beaumont Costales, LLC**
**3801 Canal St., Suite 207**
**New Orleans, LA 70119**
**(504) 483-8008**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Joel Guzman**

**GREMILLION, Judge.**

Plaintiff/appellant, Joel Guzman, appeals the dismissal of his workers' compensation claim on an exception of no right of action. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL POSTURE

On May 19, 2016, Mr. Guzman filed a Disputed Claim for Compensation (1008) against Jago Solutions, LLC and LCI Workers' Comp alleging that he was injured on September 10, 2015, in Evergreen, Alabama, when he fell fifteen feet from a ladder. On September 9, 2016, LCI filed exceptions of lack of procedural capacity, vagueness and ambiguity, and insufficiency of service of process. These exceptions were mirrored by those filed by Jago Solutions. However, Jago Solutions asserted in its exception of lack of procedural capacity that it was no longer a juridical person because it had been dissolved by the filing of an Affidavit of Dissolution filed with the Louisiana Secretary of State on May 23, 2016.[1]

On October 13, 2016, LCI filed peremptory exceptions of extinguishment of debt by confusion and no right of action. It asserted that, by operation of La.R.S. 12:1335.1, Mr. Guzman, as a member of Jago, personally assumed all obligations of the limited liability company upon its dissolution. Therefore, under La.CivCode art. 1903, the obligee and obligor were "united in the same person."[2] Thus, the obligation was extinguished. Jago followed with identical exceptions.

The Workers' Compensation Judge (WCJ) heard the exceptions on November 4, 2016, and granted the exceptions by Judgment signed on November 7, 2016. Mr. Guzman thereafter perfected this appeal and argues that the WCJ erred in granting the exceptions because parties are precluded from presenting evidence in support of an

---

[1] In support of its exception, Jago attached a printout from the Louisiana Secretary of State's website that showed Mr. Guzman as the manager of Jago and the filing of the Affidavit of Dissolution.

[2] Louisiana Civil Code Article 1903 reads, "When the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion."

exception of no right of action and from asserting affirmative defenses in such an exception.

## ANALYSIS

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931. However, "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." *Id.* Evidence is admissible to support or controvert an exception of no right of action. *Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47.

"The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State, Dep't of Pub. Safety and Corr.*, 03-1615, p. 2-3 (La. 2/20/04), 866 So.2d 244, 246. Accordingly:

> [t]he focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

*Id.*

Mr. Guzman rightly points out that this court has previously held that affirmative defenses are not appropriately raised or considered in exceptions of no right of action. *See Beslin v. Anadarko Petroleum Corp.*, 11-1523 (La.App. 3 Cir. 4/4/12), 87 So.3d 334; *Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 283; and *Dugas v. Dugas*, 01-669, (La.App. 3 Cir. 12/26/01), 804 So.2d 878, *writ denied*, 02-0652 (La. 5/24/02), 816 So.2d 307.

"[E]xtinguishment of the obligation in any manner" represents an affirmative defense. La.Code Civ.P. art. 1005. Accordingly, that issue was inappropriately urged before the WCJ in an exception of no right of action.

The judgment of the WCJ maintaining the exceptions of no right of action is reversed. All costs of this appeal are assessed as costs to Appellees, Jago Solutions, LLC, and LCI Workers' Comp.

**REVERSED.**