866 So.2d 907 (2004)
In re In the Matter of Mary Brown TRAHAN.
No. 03-CA-1002.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 2004.
*908 Richard T. Gallagher, Jr., New Orleans, LA, for Appellant.
Harvey J. Godofsky, Metairie, LA, for Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Appellant Mary Trahan appeals a judgment of the 24th Judicial District Court maintaining an Exception of Prescription in favor of appellee Harris M. Blackman, M.D. We affirm the granting of the exception, but remand the case for the reasons to follow.
Mrs. Trahan consulted Dr. Blackman, a dermatologist, on June 11, 1997, for a mole on her leg that was getting larger and changing color. She also informed Dr. Blackman that both her father and grandmother had skin cancer. Dr. Blackman examined her and determined that the mole was not skin cancer. There was no biopsy and no follow-up, and Dr. Blackman told her there was no reason to remove the mole.
On September 11, 2001, Mrs. Trahan consulted another dermatologist, Dr. Russo, about the mole. After performing a biopsy, Dr. Russo determined that the mole was skin cancer and removed the growth. Because of the delayed diagnosis, Mrs. Trahan alleges that her five-year survival rate dropped from a range of 96-99% to less than 50%.
Mrs. Trahan filed a Complaint with the Louisiana Patient's Compensation Fund on March 8, 2002. On July 26, 2002, pursuant to La. R.S. 40-1299.47(D), Dr. Blackman filed a Petition for Subpoena Power in the district court and on August 19, filed his Exception of Prescription. In the Exception, Dr. Blackman alleged that the Complaint was filed beyond the three year prescriptive period designated in La. R.S.9:5628.
The hearing on the exception was continued once, on Mrs. Trahan's request for time to find an expert witness. On the day prior to the second date set for the hearing, Mrs. Trahan filed a pleading entitled "Motion For Declaratory Judgment That LA. R.S. 9:5628 Is Unconstitutional," along with another Motion to Continue the Exception, on similar grounds as the first. The trial court denied both motions. Following the trial on the exception, the Exception of Prescription was maintained, dismissing Mrs. Trahan's claims. From this judgment she appeals.
*909 Generally, the burden of proving that a suit has prescribed rests with the party pleading prescription. However, when the plaintiff's petition shows on its face that the prescriptive period has expired, the burden shifts to the plaintiff to demonstrate suspension or interruption of the prescriptive period, due to her lack of knowledge of the tortious act.[1] The Statute expressly ties the running of its three-year prescriptive period to any medical "omission," which can include the failure to give a proper diagnosis.[2] In the present case, at the argument on the exception as in brief to this court, Mrs. Trahan conceded that her claim falls outside of the three year prescriptive period for the filing of malpractice claims under R.S. 9:5628. After review of her complaint filed with the Board, we agree and find that the trial court correctly granted the Exception of Prescription.
Nevertheless, Mrs. Trahan alleged in the trial court, as again she does before us, that R.S. 9:5628 is unconstitutional as applies to her. Specifically, she avers that the condition from which she suffers had a latency period of more than three years, and urges that the Louisiana Supreme Court has noted in dicta that in such cases, the prescriptive period may be unconstitutional. In the cited case, the court stated in a footnote:
This ruling by the Court does not address the constitutionality of La.R.S. 9:5628 as it applies to individuals with diseases that have latency periods in excess of three years. The court has basically declined to decide on this issue because it is not presently before it.[3]
More recently, the Supreme Court has noted that it has left open the issue of the constitutionality of LSA-R.S. 9:5628 as it applies to bar an action by a person suffering from a disease with a latency period in excess of three years.[4]
At the hearing on the exception, Mrs. Trahan made this argument in opposition to the exception. The court noted that the written opposition was filed the day prior to the trial, and that Mrs. Trahan's second request for a continuance was not timely. The court further noted that it had not been presented with the opposition until the morning of trial. Nevertheless, the court determined that the key distinction in the latency cases cited by Mrs. Trahan was a condition not visible to the patient, and that in the present matter, the mole was visible.
As we read the record, it is apparent that the court determined the constitutional issue presented by Mrs. Trahan at the trial on the exception of prescription, and as it granted the exception, it effectively denied the request for declaratory judgment.
Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be made by certified mail. No judgment shall be rendered without compliance with the provisions of this Section; provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case open pending notification *910 of the attorney general as required herein.
La. R.S. 13:4448.
Our Supreme Court has held as follows:
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [Citations omitted].[5]
Once the constitutionality of a statute is questioned, the attorney general must be notified by certified mail of the proceeding and, at his discretion, shall be allowed to represent the interest of the state.[6] Here, while Mrs. Trahan did raise the issue in a Motion, it was tried as an opposition, the attorney general was not notified as required by La. R.S. 13:4448, and no hearing was had on the motion itself. The trial court therefore erred in considering the claim of unconstitutionality and to the extent that it determined the constitutional claim, its ruling, on that issue alone, is hereby vacated.
The constitutional question is not in the proper posture for our review. Pursuant to LSA-C.C.P. art. 2164, which permits appellate courts to remand cases when the interest of justice is served, we set aside the judgment on Dr. Blackman's exception of prescription, and remand this matter to the trial court to allow Mrs. Trahan an opportunity to properly litigate the constitutional challenge.[7]
For the foregoing reasons, the judgment granting the Exception of Prescription is set aside. The matter is remanded for further proceedings in accordance with this opinion. Costs of this appeal are taxed to each party for their pro rata share.
JUDGMENT SET ASIDE; REMANDED.
NOTES
[1] Jenkins v. Dyess, 35,923 (La.App. 2 Cir. 6/19/02), 821 So.2d 722, writ denied XXXX-XXXX (La.11/8/02) 828 So.2d 1118.
[2] Id.
[3] Whitnell v. Silverman, 95-0112, p. 9 n. 13 (La.12/06/96), 686 So.2d 23.
[4] David v. Our Lady of the Lake Hosp., Inc., 2002-2675 (La.7/2/03), 849 So.2d 38.
[5] Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94); 646 So.2d 859, 864-65.
[6] La. R.S. 13:4448; Huber v. Midkiff, XXXX-XXXX (La.2/7/03), 838 So.2d 771; Jeter v. Shamblin 32,618 (La.App. 2 Cir. 2/1/00), 750 So.2d 521.
[7] See e.g., David v. Our Lady of the Lake Hosp., Inc., supra.