# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**05-1372**

**MADISONVILLE STATE BANK**

**VERSUS**

**MARVIN M. GLICK AND JAMES P. CONBOY AND/OR THE ESTATE OF JAMES P. CONBOY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2000-5021
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

J. DAVID PAINTER
JUDGE
**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Jeffrey Ackerman**
**Durio, McGoffin, Stagg and Ackermann**
**220 Heymann Blvd.**
**Lafayette, LA  70503**
**Attorney for Plaintiff-Appellant:**
     **Madisonville State Bank**

**Warren D. Rush**
**Charles M. Rush**
**Rush, Rush and Calogero**
**P.O. Box 53713**
**Lafayette, LA  70505**
**Attorney for Defendant-Appellee:**
     **Marvin M. Glick**

PAINTER, Judge.

The Plaintiff, Madisonville State Bank ("MSB"), appeals the trial court's judgment dismissing its action to collect under a commercial guaranty agreement pursuant to Marvin Glick's exception of no right of action. Finding that it was error to use an exception of no right of action to raise affirmative defenses, we reverse and remand for further proceedings.

## FACTS

On September 23, 1998, Lafayette South Limited Partnership ("the Partnership") borrowed money from MSB and executed a promissory note for $2,549,563.50 in MSB's favor secured by a mortgage of two motel properties ("the property"). Marvin M. Glick and James P. Conboy, Jr. each signed a Commercial Guaranty of the debt. The Partnership filed a petition for bankruptcy. On September 20, 2000, MSB filed a Petition for Sums Due against Glick and Conboy or Conboy's estate. On November 26, 2001, MSB bought the property from the Trustee in Bankruptcy for $2,300,000.00, less a credit of $37,849.48. The sale document did not contain any reservation of rights against the guarantors of the note. In December 2001, MSB sold the property to Homerooms, Inc. for $2,200,000.00.

Glick filed Peremptory Exceptions of No Right of Action, or No Interest in the Plaintiff to Institute the Suit and of Prescription which it later amended. The trial court held a hearing on the exceptions, granted the exception of no right of action and denied the exception of no interest in the Plaintiff to institute the suit.[1] MSB moved for reconsideration, but the motion was denied. MSB appeals.

---

[1] We note that: "Fundamentally there is no distinction between the exception of no right of action and that of want of interest." *Wischer v. Madison Realty Company, Inc.*, 231 La. 704, 709, 92 So.2d 589 (La.1956) (cited in *Ralph v. City of New Orleans*, 04-1270 (La.App. 4 Cir. 12/14/05), ___ So.2d. ____, _____).

1

## DISCUSSION

*No Right of Action*

> An exception of no right of action is used to raise the question whether a plaintiff belongs to a particular class in whose exclusive favor the law extends a remedy for which a cause of action exists, or to raise the issue whether plaintiff has the right to invoke a remedy which the law extends only conditionally. *Greenbriar Nursing Home, Inc. v. Pilley*, 93-2059 (La.5/23/94), 637 So.2d 429; La.Code Civ.P. art. 681.

*Robin v. Allstate Ins. Co.*, 02-689, p. 3 (La.App. 3 Cir. 2/5/03), 844 So.2d 41, 44-45, *writ denied*, 03-1818 (La. 10/17/03), 855 So.2d 763.

In his exception of no right of action, Glick asserts that his obligation under the guaranty was extinguished pursuant to La.Civ.Code art. 3062 because MSB failed to make a claim against Glick's co-surety thereby impairing the security.

La.Civ.Code art. 3062 provides that:

> The modification or amendment of the principal obligation, or the impairment of real security held for it, by the creditor, in any material manner and without the consent of the surety, has the following effects.

> An ordinary suretyship is extinguished.

> A commercial suretyship is extinguished to the extent the surety is prejudiced by the action of the creditor, unless the principal obligation is one other than for the payment of money, and the surety should have contemplated that the creditor might take such action in the ordinary course of performance of the obligation. The creditor has the burden of proving that the surety has not been prejudiced or that the extent of the prejudice is less than the full amount of the surety's obligation.

Glick alternatively argues that when MSB bought the property from the Trustee in Bankruptcy MSB's identity of obligor became confused with the Partnership's identity of obligee and that, as a result, his obligation as surety was extinguished through confusion pursuant to La.Civ.Code art. 1903 and 1904.[2]

---

[2] La.Civ.Code art. 1903 provides that: "When the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion."

In ruling on an exception of no cause of action, the court considers whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. It is not appropriate to consider the plaintiff's ability to prevail on the merits or whether the defendant has a valid defense. *Falcon v. Town of Berwick*, 03-1861 (La.App. 1 Cir. 6/25/04), 885 So.2d 1222.

> Although evidence could be considered in determining an exception of no right of action, whether the *defendant* may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action. *Alside Supply Co. v. Ramsey*, 306 So.2d 762 (La.App. 4 Cir.1975). Any evidence admitted which does not relate to the *plaintiff's* right of action must therefore be referred to the merits of the case. *Northwest Ins. Co. v. Carpenters Dist. Council of New Orleans and Vicinity*, 470 So.2d 218 (La.App. 4 Cir.1985). *This rule includes affirmative defenses, which may not be raised through the peremptory exception of no right of action.* See *Comet Drilling Co. v. Tri-State Oil Tool Industries, Inc.*, 337 So.2d 567 (La.App. 2 Cir.1976).

*Wirthman-Tag Const. Co., L.L.C. v. Hotard*, 00-2298, pp. 3-4 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 860 (emphasis added). *See also Fleet Fuel, Inc. v. Mynex, Inc.*, 38,696 (La.App. 2 Cir. 6/23/04), 877 So.2d 234; *Mason v. Kansas City Southern Ry. Co.*, 00-208 (La.App. 5 Cir. 9/26/00), 769 So.2d 1249; *Selber Bros., Inc. v. Bryant*, 406 So.2d 251 (La.App. 3 Cir. 1981).

The arguments urged by Glick in support of his exceptions both rely on extinguishment of his obligation under the surety agreement and constitute defenses to the merits of the suit. "A defendant may not use an exception of no right of action to raise a defense to the merits of the suit." *Dugas v. Dugas*, 01-669, p. 3 (La.App. 3 Cir. 12/26/01), 804 So.2d 878, 880, *writ denied*, 02-0652 (La. 5/24/02), 816 So.2d 307. Therefore, the exception of no right of action should have been denied.

---

La.Civ.Code art 1904 provides that: "Confusion of the qualities of obligee and obligor in the person of the principal obligor extinguishes the obligation of the surety."

CONCLUSION

Because Glick used the exception of no right of action to raise affirmative defenses, the trial court erred in granting the exception. Accordingly, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to the Appellee, Marvin M. Glick.

REVERSED AND REMANDED.