KATHLEEN WELCH AND CARROLL
DEWAYNE WELCH

VERSUS

UNITED MEDICAL HEALTHWEST-NEW
ORLEANS, L.L.C. AND UNITED MEDICAL
HEALTHCARE INC.

NO. 21-CA-684

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 816-616, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

August 24, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

<u>**AFFIRMED; REMANDED**</u>

**MEJ**
**JJM**
**JBD**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KATHLEEN AND CARROLL WELCH
   Jessica L. Ibert
   Beth E. Abramson
   David A. Abramson

COUNSEL FOR DEFENDANT/APPELLEE,
UNITED MEDICAL HEALTHWEST-NEW ORLEANS, LLC, AND UNITED
MEDICAL HEALTHCARE, INC.
   Aldric C. Poirier, Jr.
   A. Rebecca Wilmore

**JOHNSON, J.**

In this case arising out of a medical malpractice suit, Appellants, Kathleen and Carroll Welch, seek review of the Twenty-Fourth Judicial District Court's September 22, 2021 final judgment sustaining Appellees', United Medical Healthwest-New Orleans, LLC and United Medical Healthcare, Inc., peremptory exception of no cause of action and dismissing the case against Appellees without prejudice. For the reasons that follow, we affirm the district court's judgment and remand the matter.

### FACTS AND PROCEDURAL HISTORY

On December 31, 2019, Kathleen Welch was admitted to BridgePoint Continuing Care Hospital, under the care of Dr. Michael Russo, for extended rehabilitation following abdominal surgery. During her stay at BridgePoint, Mrs. Welch developed multiple pressure ulcers. On April 16, 2020, Mrs. Welch was transferred to United Medical Rehabilitation Hospital ("UMRH"), a long-term rehabilitation facility owned and operated by Appellees' United Medical Healthwest-New Orleans, LLC and United Medical Healthcare, Inc. (hereinafter referred to as "United Medical"). Dr. Kenneth Williams was Mrs. Welch's treating physician at UMRH until she was discharged on May 6, 2021. Appellants allege that Mrs. Welch's pressure ulcers progressed and worsened during her stay at UMRH.

Appellants filed a Request for Formation of Medical Review Panel on December 24, 2020, pursuant to the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. 40:1231.1 *et seq.*, naming UMRH, Dr. Williams, BridgePoint and Dr. Russo as defendant health care providers. The Patient's Compensation Fund ("PCF") later notified Appellants that UMRH was not a qualified healthcare provider as defined by the LMMA and the medical review panel would not review its conduct. Appellants then filed a Petition for Damages on April 13, 2021 against

United Medical alleging, the same claims of negligence made against the other defendants in their Request for Formation of Medical Review Panel: failure to provide the proper level of care; failure to properly assess and monitor Mrs. Welch's skin condition and establish a protocol to reduce the risk of her developing pressure wounds; failure to perform standard pressure injury prevention measures to prevent pressure ulcers; failure to provide timely, adequate wound care once the pressure wounds developed; failure to properly train the staff responsible for monitoring Mrs. Welch's condition; failure to timely notify her physicians and/or wound ostomy nurses once the skin breakdown occurred; and any other acts of negligence or deviations from the standard of care evidenced in the medical records. Appellants alleged that as a result of United Medical's negligence, Mrs. Welch developed large open pressure wounds on her back and sacrum, which worsened over time and caused significant physical pain and suffering, loss of love and affection, loss of companionship, loss of society and consortium, and grief and mental anguish.

United Medical filed a Peremptory Exception of No Cause of Action in response on June 1, 2021. In the Memorandum filed in support of its peremptory exception, United Medical argued that, pursuant to the Louisiana Health Emergency Powers Act ("LHEPA"), La. R.S. 29:770 *et seq*., a plaintiff who claims that she incurred damages as a result of medical malpractice that occurred during a state of public health emergency must prove that the standard of care she received was grossly negligence, or the result of willful misconduct. United Medical avers that La. R.S. 29:771(B)(2)(c) of the LHEPA granted them immunity and Appellants failed to state a cause of action; their allegations did not include claims of gross negligence; and the alleged negligent acts took place during the public health emergency initially declared on March 12, 2020[1] by Governor John Bel

---

[1] *See* Proclamation Number 25 JBE 2020.

Edwards because of the COVID-19 epidemic, and extended at least through June 23, 2021[2].

Appellants filed an Opposition to the Exception, arguing that 1) La. R.S. 29:771(B)(2)(c) is a qualified tort immunity statute, and thus an affirmative defense, with a burden of proof that United Medical did not meet; 2) applying that tort immunity statute in the instant matter is against legislative intent and leads to absurd consequences; 3) the statute is unconstitutional; and 4) this Court's holding in *Lejeune v. Steck*, 13-1017 (La. App. 5 Cir. 5/21/14), 138 So. 3d 1280, *writ denied sub nom. Daigle v. Steck*, 14-1408 (La. 10/3/14), 149 So. 3d 800 was incorrectly decided and should not be applied to the instant matter.

The district court heard the exception on August 23, 2021. During the hearing, the district court entered into evidence the memoranda submitted by United Medical, a letter from PCF advising that United Medical was a qualified healthcare provider as defined by the LMMA, and a copy of the Governor's first proclamation of the state of emergency, 25 JBE 2020, over Appellants' objection. At the end of the hearing, the district court granted the exception in favor of United Medical, observed that it was "follow[ing] the law" in doing so, and dismissed Appellants' lawsuit without prejudice. This timely appeal followed.

### ASSIGNMENTS OF ERROR

Appellants urge that the district court erred when it granted United Medical's peremptory exception of no cause of action and dismissed their lawsuit with prejudice. They argue that LHEPA's tort immunity provision should have been pled as an affirmative defense, for which United Medical did not meet their burden of proof. Appellants also argue that the application of the tort immunity provision in this instance goes against legislative intent and, further, the statute is unconstitutional. Finally, they argue that this Court incorrectly decided *Lejuene*,

---

[2] *See* Proclamation Number 94 JBE 2021.

*supra*, and mistakenly found that LHEPA modified the burden of proof applicable to health care providers during a state of emergency, versus concluding that the Act created an affirmative defense for health care providers under certain circumstances.

United Medical prays that this Court affirm the district court's judgment and find that it correctly sustained Appellees' exception. Even if all of the plaintiffs' allegations are taken as true, United Medical argues that those allegations do not rise to the level of gross negligence or willful misconduct. They also note that Appellants, in their brief, acknowledge that they "did not assert allegations of gross negligence in their Petition [. . . ] and [they] do not contend that the facts surrounding the instant matter support allegations of gross negligence against United Medical." Because Appellants' claims only accuse United Medical of ordinary negligence, United Medical urges that LHEPA's qualified tort immunity statute applies and Appellants have failed to state a cause of action.

## *LAW AND DISCUSSION*

In *Industrial Companies, Inc. v. Durbin,* 02–0665 (La. 1/28/03); 837 So.2d 1207, the Louisiana Supreme Court explained the process by which a court should entertain an exception of no cause of action:

First, [the court] focus[es] on whether the law provides a remedy against the particular defendant in [the] case. The function of the exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court ... should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its

sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.

*Freeman v. State*, 07-1555 (La. App. 4 Cir. 4/2/08); 982 So.2d 903, 906–07, *writ denied sub nom. Freeman v. State, Louisiana Dep't of Transp. & Dev.*, 08-930 (La. 6/20/08); 983 So.2d 1282 (citations omitted). "In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *White v. New Orleans Ctr. for Creative Arts*, 19-213 (La. App. 4 Cir. 9/25/19); 281 So.3d 813, 819, *writ denied,* 19-1725 (La. 12/20/19); 286 So.3d 428. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not pled in the petition." *Id.*

"In ruling on an exception of no cause of action, the court considers whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. It is not appropriate to consider the plaintiff's ability to prevail on the merits or whether the defendant has a valid defense." *Madisonville State Bank v. Glick*, 05-1372 (La. App. 3 Cir. 5/3/06); 930 So.2d 263, 265 (citations omitted). "Tort immunity is an affirmative defense for which the one asserting the defense has the burden of proof." *Aucoin v. Larpenter*, 20-792 (La. App. 1 Cir. 4/16/21); 324 So.3d 626, 633, *writ denied,* 21-688 (La. 9/27/21); 324 So.3d 87. "[A] claim is not automatically an affirmative defense simply because it falls within an enumerated category; it is a fact-specific inquiry, dependent on the circumstances of a case." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014)

Under La. C.C.P. arts. 1003 and 1005, an affirmative defense should be pled in a defendant's answer. *See Mouton*, *supra*. An affirmative defense raises a new matter that, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits.

*Id.* Rather, as an affirmative defense, the issue should be referred to the merits, and a motion for summary judgment is, therefore, the proper procedure for addressing it prior to trial. *White*, *supra* at 822. However, La. C.C.P. art. 1005 authorizes courts to consider the peremptory exception as a properly pled affirmative defense "[i]f a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires." *See Mouton*, *supra* at 563-64. "[T]he court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation." The party raising an affirmative defense has the burden of proving it by a preponderance of the evidence. *See Norton v. Norton*, 21-212 (La. App. 5 Cir. 12/22/21); 335 So.3d 371, 386.

The Louisiana Health Emergency Powers Act (LHEPA) provides that during a state of public health emergency, no health care provider shall be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct. La. R.S. 29:771(B)(2)(c). We find that that the tort immunity provided by Section 29:771(B)(2)(c) of LHEPA, "mistakenly" pled by Appellees as a peremptory exception of no cause of action, is, in fact, an affirmative defense which the trial court considered properly pled, pursuant to La. C.C.P. art. 1005. Our review of the record reveals shows that United Medical met its burden and proved beyond a preponderance that the alleged negligence committed by Appellees occurred during a state of public health emergency but did not rise to the level of gross negligence, thus triggering the immunity provided by LHEPA. Therefore, the trial court did not err in finding that La. R.S. 29:771(B)(2)(c) applied in the instant case and the affirmative defense of tort immunity provided by that statute defeated Appellants' demand on its merits.

In *Lejeune v. Steck*, 13-1017 (La. App. 5 Cir. 5/21/14), 138 So.3d 1280, *writ denied sub nom. Daigle v. Steck*, 14-1408 (La. 10/3/14), 149 So.3d 800, this Court,

we believe, correctly found that "La. R.S. 29:771 does not provide for a limited set of health care providers, nor does it limit its application to only those medical personnel rendering [direct] emergency assistance[.]" Again, we cannot look to legislative intent in this instance where the law is "clear and unambiguous." We also cannot say that the blanket immunity LHEPA provides to health care providers necessarily leads to an "absurd consequence" in this case, especially considering the profound impact the COVID-19 pandemic had on our state and society. The declared state of emergency Louisiana operated under in 2021 due to COVID-19 caused "economic turmoil, *a public health crisis, a substantial burden on the healthcare system*, and a significant number of infections and deaths." *Hayes v. Univ. Health Shreveport, LLC*, 21-1601 (La. 1/7/22); 332 So.3d 1163, 1166 n.2.

Last, the constitutionality of La. R.S. 29.771(B)(2)(c) is not properly before this Court at this time. Once the constitutionality of a statute is questioned, the attorney general must be notified by certified mail of the proceeding and, at his discretion, shall be allowed to represent the interest of the state. *In re Trahan*, 03-1002 (La. App. 5 Cir. 1/27/04); 866 So.2d 907, 910. Here, while Appellants raised the issue in its opposition to Appellees' peremptory exception and briefly argued the unconstitutionality of the statute during the hearing on the exception, they did not notify the attorney general of the challenge as required by La. R.S. 13:4448. The district court also did not issue a ruling on the constitutionality of La. R.S. 29.771(B)(2)(c). Accordingly, we pretermit further discussion of this assignment of error and remand the matter to allow Appellants the opportunity to properly challenge, and the district court to rule on, the constitutionality of the tort immunity statute. *See id.*

***DECREE***

Based on the foregoing, we affirm the district court's September 22, 2021 final judgment granting United Medical's peremptory exception of no cause of action and dismissing Appellants' petition without prejudice, and remand the matter for further proceedings consistent with this opinion.

**AFFIRMED; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

.

FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 24, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-684**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
JESSICA L. IBERT (APPELLANT)              A. REBECCA WILMORE (APPELLEE)

### MAILED

ALDRIC C. POIRIER, JR. (APPELLEE)        BETH E. ABRAMSON (APPELLANT)
STEPHEN M. PIZZO (APPELLEE)              DAVID A. ABRAMSON (APPELLANT)
ATTORNEYS AT LAW                          ATTORNEYS AT LAW
3421 NORTH CAUSEWAY BOULEVARD            601 POYDRAS STREET
SUITE 900                                 SUITE 2615
METAIRIE, LA 70002                        NEW ORLEANS, LA 70130