# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 22-690

**MARK AND JENNIFER MCKAY, ET AL.**

**VERSUS**

**BENNETT FONTENOT**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20220615
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JONATHAN W. PERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Gary J. Ortego, Judges.

**REVERSED AND REMANDED.**

**Lawrence C. Billeaud**
**706 West University Avenue**
**Lafayette, Louisiana 70506**
**(337) 266-2055**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Mark and Jennifer McKay, et al.**


**Emile Joseph, Jr.**
**Robert A. Robertson**
**Allen & Gooch, A Law Corporation**
**Post Office Box 81129**
**Lafayette, Louisiana 70508**
**(337) 291-1310**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Bennett and Alden Fontenot**

**PERRY, Judge.**

Do residents of a subdivision in Lafayette, Louisiana, have the right to institute a suit against neighbors for allegedly violating subdivision covenants, municipal flood ordinances, and state law? Plaintiffs appeal the dismissal of their claims on a peremptory exception of no right of action. After conducting a de novo review, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On February 7, 2022, twenty-two residents ("Plaintiffs")[1] of Whittington Oaks Subdivision filed a Petition for Injunction and Damages against Bennett and Alden Fontenot ("Defendants"), the owners of Lot 403 in the aforesaid subdivision. Plaintiffs' petition declared Defendants' deposited "hundreds of dump truck loads of dirt" onto their property such that it "raise[d] the level of their respective lot over six feet above the pre-existing and historic level of the lot, to a maximum of ten feet above the pre-existing and historic level of the sloping lot." Plaintiffs alleged the "deposit of dirt" onto Defendants' property "constitutes a nuisance per se under Louisiana law[,]" which will effectively "divert the historic flow of water across this lot and will push or divert water onto [Defendants'] neighbor's property in violation of Louisiana law relative to the diversion of water onto a neighbor's property and relative to prohibitions of blocking the natural flow of water." Plaintiffs contend Defendants violated neighborhood covenants which prohibit the creation of a nuisance. Plaintiffs further alleged that "the raising of this lot is in direct violation of . . . Lafayette's 'Zero Net Fill' Ordinance" and that said violation "serves as further legal reason to order that the lot be returned to its original condition and elevation above sea level."

---

[1] Plaintiffs' petition states Mark and Jennifer McKay reside at 209 Thibodeaux Drive, which is adjacent to Defendants' property at 213 Thibodeaux Drive, and the remaining plaintiffs own lots within Whittington Oaks Subdivision.

Defendants filed Peremptory Exceptions of No Right of Action and No Cause of Action, and a Dilatory Exception of Prematurity. Defendants contended that Plaintiffs failed to allege they have incurred actual damages, which is required before a party has a right to seek and obtain injunctive relief in accordance with La.Civ.Code art. 667 and La.Code Civ.P. art. 3601. Defendants also asserted that because Plaintiffs have not incurred actual damages that would qualify as irreparable injuries, Plaintiffs' claims for injunctive relief are premature.

The trial court held a hearing on the exceptions and, after taking the matter under advisement, issued a judgment on July 28, 2022, sustaining Defendants' exception of no right of action.[2] On August 17, 2022, a second judgment was issued clarifying that Plaintiffs' claims were dismissed without prejudice.

## APPELLANTS' ASSIGNMENTS OF ERROR

Plaintiffs appeal asserting five assignments of error:

1. Plaintiffs have a right of action to seek an injunction for the violation of LCG Flood Control Ordinances, for violation of state law and/or for violation of subdivision covenants.

2. Defendants' deposit of approximately 200 dump truck loads of dirt onto a lot within a special flood hazard area after November 1, 2017, is a violation of LCG's zero net fill ordinances.

3. Defendants' deposit of approximately 200 dump truck loads of dirt onto a subdivision lot constitutes a nuisance in violation of the Whittington Oaks Subdivision Covenants.

4. The trial court committed manifest error in throwing out Plaintiffs['] lawsuit.

5. The factual findings and legal analysis of the district court are manifestly erroneous.

---

[2] In view of its ruling, the trial court did not address the remaining exceptions of no cause of action and prematurity. In its judgment dated July 28, 2022, the trial court declared, "Considering the ruling on the Exception of No Right of Action, this court does not find it necessary to address the remaining Exceptions of No Cause of Action and Prematurity." The trial court's judgment dated August 17, 2022, also declared, in pertinent part, "the Peremptory Exception of No Right of Action filed by Defendants is sustained; and, as a result, all other exceptions are moot[.]"

2

**APPELLANTS' ARGUMENTS**

Plaintiffs contend the trial court erred in sustaining Defendants' peremptory exception of no right of action. They assert their petition clearly reflects that they all live in Whittington Oaks Subdivision and presumably all drive on Thibodeaux Drive. Thus, each plaintiff has the right to seek judicial review of conduct they believe has the effect of blocking a natural servitude, flooding their nearby street and/or causing a nuisance due to the deposit of dirt in what is historically the natural servitude at the bottom of the hill between Thibodeaux Drive and the Vermilion River.

**APPELLEES' POSITION**

Defendants contend the trial court did not err in sustaining their peremptory exception of no right of action because Plaintiffs' petition seeks does not seek injunctive relief through summary proceeding and does not include a prayer to recover actual and real damages. Defendants allege Plaintiffs waived their claims for injunctive relief before the trial court and failed to preserve for appeal the specific claim that Plaintiffs have a right to seek injunctive relief against Defendants. They further argue Plaintiffs clearly do not have a right of action to seek damages because Plaintiffs have not incurred actual damages.

**DISCUSSION**

The peremptory exception of no right of action, La.Code Civ.P. art. 927(A)(6), is based on La.Code Civ.P. art. 681, which provides that "an action can be brought only by a person having a real or actual interest which he asserts." "The function of an exception of no right of action is a determination of whether plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition." *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612, p. 6 (La. 3/17/06), 929 So.2d 1211, 1217. The exception questions "whether the plaintiff

3

in the particular case is a member of the class of persons that has a legal interest in the subject matter of the litigation." *Id*.

Appellate review of a trial court's decision on an exception of no right of action is de novo because it presents legal questions—the determination of whether a plaintiff has a right of action is a question of law. *Guidry v. Ave Maria Rosary & Cenacle, Inc.*, 21-507 (La.App. 3 Cir. 6/1/22), 341 So.3d 779. "When evidence is introduced in support of or in opposition to the exception, however, a trial court's findings of fact are subject to the manifest error-clearly wrong standard of review." *Id*. at 797 (quoting *Rain CII Carbon, LLC v. Turner Indus. Grp., LLC*, 19-403 (La.App. 3 Cir. 3/18/20), 297 So.3d 797, *writ denied*, 20-774 (La. 10/20/20), 303 So.3d 319). Furthermore, though evidence could be considered in determining an exception of no right of action, whether the defendant may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action. Any evidence admitted which does not relate to the plaintiff's right of action must be referred to the merits of the case. *See Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 263.

We first address Defendants' allegation, and the trial court's understanding, that Plaintiffs' claims for injunctive relief were waived during the hearing on Defendants' exceptions. In its judgment, the trial court stated, in part:

> It is undisputed that Defendants, Bennett and Alden Fontenot, purchased Lot 403 in Whittington Oaks Subdivision. At the beginning of the project, Defendants retained an engineering firm and architect to design their home. Subsequently a plat was approved and filed in July 2021 regarding a boundary line adjustment which addressed and contained a zero net fill limitation. In accordance with the Lafayette City-Parish Consolidated Government ordinances, Defendants properly obtained and complied with all said ordinances and permits in connection with the construction of the home. Subsequently, Plaintiffs filed suit captioned "Petition for Injunction and Damages".
>
> At the hearing, evidence and testimony were presented concerning the issue raised by the Exception of No Right of Action.

4

> The testimony and evidence presented[] clearly demonstrate the zero net fill ordinance is not applicable to Defendants['] property as the lot was originally platted prior to November 1, 2017. Plaintiffs' additional allegations of other unspecified ordinances were neither identified nor addressed at the hearing. Plaintiffs do not allege to have sustained any damages or injuries as of the hearing date. Furthermore, Plaintiffs' counsel by his own admission conceded Plaintiffs are not seeking injunctive relief which is contrary to the "Petition for Injunction and Damages". For the reasons stated above, the Exception of No Right of Action is hereby granted.

Our review of the record reveals counsel for Plaintiffs stated that a temporary restraining order via summary process was not being sought, rather, Plaintiffs were seeking an injunction through ordinary process for Defendants' alleged violations of municipal flood ordinances and subdivision covenants. This assertion was repeated in Plaintiffs' Post Trial Memorandum in Opposition to Defendants' Exception. Thus, we find no merit to Defendants' allegation that Plaintiffs' action for injunctive relief was waived.

Our review of the record further reveals Plaintiffs' ability to prevail on the merits was considered rather the question of whether or not Plaintiffs belong to a particular class for which the law grants a remedy. We find Plaintiffs have established a right of action in their suit. They clearly belong to the class of persons that has a legal interest in the subject matter of the litigation at issue. Therefore, the exception of no right of action should have been overruled.

## DECREE

The judgment of the trial court is reversed, Plaintiffs' claims are reinstated, and this matter is remanded for further proceedings. All costs of this appeal are assessed against Defendants/Appellees, Bennett and Alden Fontenot.

**REVERSED AND REMANDED.**