# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-8

**JRB HOLDINGS, LLC AND/OR JRB HOLDINGS, LLC IN ITS REPRESENTATIVE CAPACITY FOR MST, LLC AND/OR JOHN RAY BROUSSARD**

**VERSUS**

**STEPHEN J. OATS, INDIVIDUALLY AND/OR STEPHEN J. OATS, A PROFESSIONAL LAW CORPORATION, CEARLEY W. FONTENOT AND OATS & MARINO, A PARTNERSHIP OF PROFESSIONAL CORPORATION**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTHTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, 20160932
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**LEDRICKA J. THIERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jonathan W. Perry, Ledricka J. Thierry, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**Kevin R. Duck**
**Duck Law Firm, LLC**
**5040 Ambassador Caffery Pkwy., Ste. 200**
**Lafayette, LA 70508**
**(337) 406-1144**
**COUNSEL FOR PLAINTIFFS/APPELLANTS**
  **JRB Holdings, LLC and/or JRB Holdings, LLC in its Representative**
  **Capacity for MST, LLC and/or John Ray Broussard**

**J. Clemille Simon**
**Simon Law Offices**
**122 Representiave Row**
**P.O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFFS/APPELLANTS**
  **JRB Holdings, LLC and/or JRB Holdings, LLC in its Representative**
  **Capacity for MST, LLC and/or John Ray Broussard**

**Edward P. Landry**
**Landry, Watkins, Repsake & Breaux**
**211 E. Main St.**
**P.O. Drawer 12040**
**New Iberia, LA 70562**
**(337) 367-2715**
**COUNSEL FOR DEFENDANTS/APPELLEES**
  **Stephen J. Oats, Individually and/or Stephen J. Oats, a Professional**
  **Law Corporation, Earley W. Fontenot and Oats & Marino, a**
  **Partnership of Professional Corporations**

**THIERRY, Judge.**

This action stems from a legal malpractice lawsuit that was dismissed on an exception of no right of action. Plaintiffs appeal the trial court's granting of the exception. For the reasons that follow, we affirm the findings of the trial court.

## FACTS AND PROCEDURAL HISTORY

On January 6, 2009, John Ray Broussard ("JRB") formed a company called Mason Specialty Tools, LLC ("MST"). He was the sole member until the first amended operating agreement of MST assigned 55% ownership interest to Stephen Domingue ("Domingue") and 45% ownership interest to JRB Holdings, LLC ("JRBH"). After a period of time, JRB began to suspect that Domingue was misusing MST's funds. Therefore, on or about July 11, 2014, JRB retained the law firm of Oats & Marino to represent him and/or his businesses. The record does not contain a formal attorney-client contract. Rather, the record reflects an engagement letter signed on July 11, 2014, addressed to "John Ray," and signed by John Ray Broussard and Stephen J. Oats, an attorney in the law firm of Oats & Marino located in Lafayette, Louisiana. The engagement letter outlines the billing procedures set forth by Oats & Marino, with John Ray Broussard's signature evidencing his agreement to employ Oats & Marino.

On August 5, 2014, Oats & Marino filed a petition for appointment of a receiver with JRB identified as the plaintiff and Domingue and MST identified as the defendants. The petition alleged, inter alia, that Domingue grossly mismanaged the business and misused the assets of MST. Domingue filed several pleadings in response, including a motion to strike and/or dilatory exceptions of nonconformity, vagueness and ambiguity, lack of procedural capacity, and peremptory exception of no right of action. After a hearing on January 12, 2015, the trial court collectively

granted all the exceptions and dismissed without prejudice the petition for appointment of receiver.

On February 20, 2015, Oats & Marino filed a new petition for damages against Stephen Domingue. The plaintiff identified in this suit was JRBH. Domingue responded with an exception of no right of action, arguing that JRBH had no right of action to bring those claims, as MST was the proper party to do so via a derivative action. On April 28, 2015, Oats & Marino filed a first supplemental and amended petition for damages. However, the amended petition did not address or attempt to cure Domingue's arguments set forth in its exception of no right of action.

JRB subsequently retained new counsel and filed a second supplemental and amended petition for damages, adding MST as a petitioner. The suit was eventually dismissed on a joint motion to dismiss following settlement.

In June or July of 2015, Defendants prepared a Receipt, Release, and Indemnity Agreement ("2015 Release"), which purported to hold harmless Defendants from any claims arising out of their malpractice. This Release was never signed. Specifically, the Release said that John Ray Broussard and JRB Holdings, LLC:

> release, acquit and forever discharge OATS & MARINO…of and from any and all past and present claims, demands, causes of action and/or rights of action…in anyway related to the delivery of professional legal serviced provided to [John Ray Broussard and JRB Holdings, LLC] by OATS & MARINO from July 11, 2014 through the date of this Agreement….

On February 22, 2016, JRB Holdings, L.L.C. and/or JRB Holdings, L.L.C. in its representative capacity for MST, L.L.C., and/or John Ray Broussard ("Plaintiffs") filed a legal malpractice petition against Stephen J. Oats, individually, and/or Stephen J. Oats, a professional law corporation, Cearley W. Fontenot, and

Oats & Marino, a partnership of professional corporations ("Defendants"). Plaintiffs allege, inter alia, that Defendants "failed to investigate all potential causes of action and failed to file suit asserting all potential causes of action against said petitioners." In conclusion, Plaintiffs allege:

> As a result of the defendants' malpractice, defendants allowed numerous causes of action to prescribe and thus, have deprived petitioners of the right to recover damages that would have otherwise been due and owing to said petitioners arising from all of the potential causes of action defendants were hired to investigate and pursue.

Defendants filed their answer, exceptions, and affirmative defenses on January 9, 2017. The exceptions filed on this date did not include a no right of action exception, but rather included prematurity, vagueness or ambiguity, prescription, peremption, and no cause of action. Various discovery requests and related motions were filed thereafter.

On July 20, 2018, MST purported to assign all rights and interest in the legal malpractice lawsuit to JRBH. This assignment was signed by Stephen Domingue, managing member of MST.

On March 16, 2023, Defendants filed a peremptory exception of no right of action. It is this exception which is the basis of this appeal. The exception of no right action was heard on August 14, 2023. The trial court orally ruled and granted the exception and dismissed all Plaintiffs' claims. It issued written reasons shortly thereafter. The trial court wrote, in part:

> The issue to be decided in this Peremptory Exception of No Right of Action was whether the Plaintiffs (JRBH or Mr. Broussard) had a personal right to bring the legal malpractice claim asserted in their petition or whether this claim actually belonged to Mason Specialty Tools, LLC (MST) and/or its members derivatively. This court held that neither JRB Holdings, LLC nor John Ray Broussard had a personal right of action to initiate this lawsuit. The legal malpractice claim asserted belonged to Mason Specialty Tools, LLC (MST) through a derivative action.

3

Plaintiffs have now appealed the ruling on the exception of no right of action, asking that this court reverse the trial court's ruling.

## ASSIGNMENTS OF ERROR

The Plaintiffs allege the following assignments of error on appeal:

1. The trial court erred in finding that JRB does not have a personal right of action against the Defendants for their legal malpractice and breach of fiduciary duty.

2. The trial court erred in granting the Defendants' Exception of No Right of Action where JRBH, a member and mandatary of a limited liability company, who asserted its[] claims as a representative of MST, sued the Defendants for legal malpractice and the Defendants failed to timely challenge JRBH's capacity to sue on behalf of MST.

## ANALYSIS

The appellate standard of review of a trial court's ruling on an exception of no right of action is generally de novo, as the question of whether a plaintiff has a right of action is a question of law. *Guidry v. Ave Maria Rosary & Cenacle, Inc.*, 21-507 (La.App. 3 Cir. 6/1/22), 341 So.3d 779. If evidence is introduced in support of or in opposition to the exception, then the standard of review is manifest error. *McKay v. Fontenot*, 22-690 (La.App. 3 Cir. 6/28/23), 368 So.3d 282, *writ denied*, 23-1040 (La. 11/8/23), 373 So.3d 62.

When ruling on an exception of no right of action, the court considers whether a plaintiff belongs to a particular class for which the law grants a remedy. *Id.* "It is not appropriate to consider the plaintiff's ability to prevail on the merits or whether the defendant has a valid defense." *Madisonville State Bank v. Glick*, 05-1372, p. 3 (La.App. 3 Cir. 5/3/06), 930 So.2d 263, 265. The court further "assumes that the petition states a valid cause of action…" and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. *Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615, p. 3 (La.

4

2/20/04), 866 So.2d 244, 246; *see also J-W Power Co. v. State ex rel. Dep't of Revenue & Tax'n*, 10-1598 (La. 3/15/11), 59 So.3d 1234. The movant bears the burden of proof.

As this Court recently held in *McKay*, 368 So.3d at 285:

> Furthermore, though evidence could be considered in determining an exception of no right of action, whether the defendant may be able to defeat the plaintiff's cause of action is immaterial to the determination of an exception of no right of action. Any evidence admitted which does not relate to the plaintiff's right of action must be referred to the merits of the case. *See Madisonville State Bank v. Glick*, 05-1372 (La.App. 3 Cir. 5/3/06), 930 So.2d 263.

In this case, Plaintiffs allege a legal malpractice claim against Defendants. In order to determine the merits of an exception of no right of action, "the above definition of no right of action must be read in conjunction with the requirements for establishing a claim for legal malpractice." *Thompson v. Harrington*, 99-571, p. 6 (La.App. 3 Cir. 10/13/99), 746 So.2d 652, 656. To establish a valid legal malpractice claim, the plaintiff "must show evidence sufficient to convince a reasonable trier of fact of (1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence." *MB Indus., LLC v. CNA Ins. Co.*, 11-303, 11-304, p. 15 (La. 10/25/11), 74 So.3d 1173, 1184.

Plaintiffs allege in their Petition that "defendants' services were retained by petitioners to investigate potential causes of action both personal and derivative including a derivative action against Stephen Domingue (member of MST, L.L.C.) for his breach of fiduciary duties, negligence and intentional tortuous conduct against said petitioners." This allegation is supported by the evidence in the record, including the signed engagement letter between John Ray Broussard and Stephen Oats and the pleadings filed by Oats & Marino which identify either JRB or JRBH

as plaintiffs. Thus, Plaintiffs have satisfied the first requirement of a valid legal malpractice claim: the existence of an attorney-client relationship.

Plaintiffs also satisfactorily make allegations to satisfy the second requirement: negligent representation by an attorney. In the petition, they allege that Defendants "failed to investigate all potential causes of action and failed to file suit asserting all potential causes of action against all potential liable parties." Specifically, Plaintiffs claim that Defendants incorrectly filed suit on August 5, 2014, causing dismissal of the suit on January 23, 2015. Plaintiffs allege that Defendants again incorrectly filed suit on February 20, 2015 and on April 28, 2015, both times failing "to assert all causes of action against culpable parties and again fail[ing] to cure the defect of the original petition that had been filed."

However, the third requirement—loss—is at issue. Plaintiffs claim that JRB and JRBH sustained damages by Defendants' malpractice that are distinct from MST's losses. However, Defendants assert, and the trial court agreed, that the legal malpractice claim belonged solely to MST rather than to JRB or JRBH, suggesting that MST needed to file the legal malpractice directly or via a derivative action under La.Code Civ.P. art. 615. We will address the alleged loss of each Plaintiff separately, as set forth by Plaintiffs' two assignments of error.

Plaintiff JRB

Plaintiffs argue that the trial court failed to consider JRB's individual claims against Defendants. Specifically, Plaintiffs allege that JRB suffered individual damages due to the Defendants' malpractice and breach of fiduciary duty. They further allege that Defendants violated the Rules of Professional Conduct by not disclosing the malpractice to them and instead preparing the 2015 Release, which

purported to hold harmless Defendants from any claims arising out of their malpractice.

The Louisiana Supreme Court addressed the fiduciary duty owed by an attorney to a client in *Teague v. St. Paul Fire & Marine Ins. Co.*, 07-1384 (La. 2/1/08), 974 So.2d 1266. The *Teague* court found that the defendants breached a fiduciary duty to Dr. Teague when it failed to keep him reasonably informed as required by the Rules of Professional Conduct. Here, too, Plaintiffs allege that Defendants breached their fiduciary duty to them by failing to keep them reasonably informed and by failing to disclose the legal malpractice committed by Defendants, which violated the Rules of Professional Conduct. JRB claims it only learned of the malpractice after receiving the 2015 Release.

Defendants, however, assert that Plaintiffs could not have suffered direct damages, as the alleged malpractice arose from allowing MST's action to prescribe. They rely on the Louisiana Supreme Court's decision in *Naghi v. Brener*, 08-2527 (La. 6/26/09), 17 So.3d 919. In that case, two individuals brought a malpractice claim against their attorney for failing to timely sue for property damages. However, the property was actually owned by a corporation, not by the individuals. The defendant attorney filed an exception of no right of action, which the trial court granted. After the one-year prescriptive period had run, the petition was amended to name the correct owner of the property—the corporation. While the issue before the supreme court was whether the amendment related back to the filing of the original petition, the court did not disturb the findings on the exception of no right of action.

In *Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, 1265, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135, this court noted that a shareholder has a right to sue for recovery if the tort-based loss belongs to the shareholder, even

7

if the corporation has also suffered damages. However, we ultimately held that the loss set forth by the individuals in *Glod* was "the same loss as that suffered by the LLCs." *Id.* at 1274. We explained:

> The damage, if any, was done to the LLCs. The non-franchisees—as would any investor or shareholder—relied on the attorney for the franchisees to give the LLCs good advice, because that is where they had put their investments. But their personal losses were not independent of and having a source removed from the affairs of the LLCs. The damage claims were the property of the franchisees.

*Id.*

The first circuit addressed a similar issue in *LeBlanc v. Alfred*, 15-397 (La.App. 1 Cir. 12/17/15), 185 So.3d 768, in which the plaintiffs were individual shareholders and officers of a corporation who brought a legal malpractice claim against an attorney for negligently representing the corporation. The court found that the plaintiffs "did not allege material facts necessary to establish an *individual* entitlement to relief, distinct from their position as principal shareholders or officers of Forty Acre." *Id.* at 775 (emphasis in original). The court explained:

> Even if the factual allegations of the LeBlancs' original and amended petition were proven at trial, the law would not afford any relief to them individually. All material factual allegations, including those cited by the LeBlancs on appeal, relate to Alfred's representation of Forty Acre. The legal malpractice claims asserted were based upon Alfred's purportedly negligent representation of Forty Acre in the proposed sale of the corporation's property; Alfred's representation of Forty Acre in a civil action brought against the corporation, and its shareholders, on account of the failed sale of its property; and Alfred's representation of Forty Acre in subsequent bankruptcy proceedings. The LeBlancs had no individual ownership interest in Forty Acre's property that is the subject of the failed transaction and do not otherwise have any unique personal interest in the facts alleged.

> . . . .

> Next, we conclude that the trial court did not err by sustaining the peremptory exception of no right of action, insofar as relates to the legal malpractice claims asserted by the LeBlancs in their capacity as officers of Forty Acre . . . .

Notwithstanding the LeBlancs' appearance in this suit in their personal capacity and/or any vague references to the existence of an attorney-client relationship between Alfred and the LeBlancs, individually, it remains clear that the operative material factual allegations concern Alfred's representation of Forty Acre. The LeBlancs have no right to proceed with such claims, as these claims properly belong to Forty Acre . . . . The LeBlancs have neither alleged nor demonstrated that they suffered a "unique" or "special" injury, distinct from those injuries suffered by the corporation itself, because of Alfred's alleged malpractice. . . . The law does not afford the LeBlancs a right to proceed with Forty Acre's legal malpractice claims by virtue of their position as principal shareholders or officers of the Forty Acre; therefore, the trial court did not err by sustaining the peremptory exception of no right of action as to those claims asserted by the LeBlancs on behalf of Forty Acre.

*Id.* at 775–76.

We find the *Glod* and *LeBlanc* decisions to be persuasive. As in *LeBlanc*, where the court found that the "operative material factual allegations" concerned the defendant attorney's representation of the business entity, here, too, Plaintiffs' malpractice allegation stems from Defendants' failure to preserve its claim relating to the harm suffered by MST by Domingue. Plaintiffs do not allege how JRB and JRBH individually suffered loss or damages independently of those of MST. As the trial court held, "It is clear from the record that *the malpractice claim belongs to MST* and that neither Plaintiff here has a personal right of action to pursue the claim" (emphasis in original). We agree. Therefore, we find that the Plaintiffs do not have a personal right of action in this malpractice action.

Plaintiff JRBH

In their second assignment of error, Plaintiffs allege that the trial court erred in granting Defendants' exception of no right of action, given that JRBH, as member and mandatory of MST, asserted its claims as a representative of MST. Plaintiffs claim that "JRBH has a right of action against Appellees as it is a 50/50 shareholder

9

with MST." Plaintiffs also argue that Defendants' exception of no right of action against JRBH is truly an exception of lack of procedural capacity. Because Defendants failed to object to JRBH's procedural capacity prior to or in its answer, Plaintiffs claim that such an objection is now waived.

On the contrary, Defendants state that whether or not the dilatory exception of lack of procedural capacity is waived is irrelevant, because the exception of no right of action gives them the authority to challenge Plaintiffs as the proper parties.

Defendants further point out that under La.R.S. 12:1317(A), JRBH did not have the authority to file a suit in a representative capacity for MST. Louisiana Revised Statutes 12:1317(A) states, in relevant part:

> Each member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, is a mandatary of the limited liability company for all matters in the ordinary course of its business other than the alienation, lease, or encumbrance of its immovables, unless such mandate is restricted or enlarged in the articles of organization or unless such member or manager lacks the authority to act for the limited liability company and the person with whom he is dealing has knowledge of the fact that he lacks such authority.

Beyond that, Defendants allege that holding otherwise would circumvent the law on derivative action and allow any member of an LLC to allege that he/she is appearing in a representative capacity for the LLC.

At the trial court hearing, the trial court stated that it reviewed several pleadings in the underlying lawsuit prior to making her ruling. "In this examination, this court found that the pleadings did not contain sufficient information to plead and/or convert the suit to a derivative action. The law is clear as to the elements required in a petition for a shareholder's derivative action." Citing La.Code Civ.P. art. 615, the trial court wrote:

10

[T]he Petition did not include any allegations concerning the Plaintiffs as being members of MST, nor did the Plaintiffs name MST as a defendant. Also, the Plaintiffs did not verify the allegations as a requisite for a derivative suit . . . . Thus, this is not a derivative suit. Accordingly, the Plaintiffs may have had a right of action to assert the alleged claim derivatively if they were members of MST at the time of the alleged malpractice claim; however, the Plaintiffs did not file this present day suit as a derivative action.

We agree with Defendants and the trial court. Louisiana statutory law clearly sets forth the procedure for bringing a derivative action, which is required when a member of an LLC wishes to enforce a right on behalf of the LLC. *See Glod*, 851 So.2d 1255. Under La.Code Civ.P. art. 615:

The petition in a class action brought by a shareholder, partner, or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:

(1) Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure enforcement of the right.

(3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.

(4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.

(5) Be verified by the affidavit of the plaintiff or his counsel.

The requirements set forth in this article were not met in this case, and thus Plaintiffs did not bring a derivative action.

Defendants also claim that the attempt by MST to assign its interest in the legal malpractice lawsuit to JRBH is not valid. Under Louisiana law, a malpractice

claim cannot be assigned, and therefore the assignment at issue has no legal effect. *See, e.g., Taylor v. Babin*, 08-2063 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, *writ denied*, 09-1285 (La. 9/25/09), 18 So.3d 76.

We find that JRBH does not have a right of action in this matter, as it neither filed a derivative action, nor did MST validly assign its rights to JRBH.

Request to Amend

In Plaintiffs' supplemental brief before this court and during oral argument, Plaintiffs ask this court to adopt a liberal construction of the law in order to maintain the legal malpractice lawsuit, and/or that they be permitted to amend their pleadings in accordance with La.Code Civ.P. art. 615. We decline to do so, given the clear and unambiguous language of La.Code Civ.P. art. 615.

We further note that under La.R.S. 9:5605, legal malpractice actions must be brought within one year from the date of alleged malpractice, or within one year from discovery of the alleged malpractice. In all events, legal malpractice actions "shall" be brought within three years of the date of the alleged malpractice. In *Naghi*, 17 So.3d at 925–26, the Louisiana Supreme Court held that relation back of a petition after the addition of a new plaintiff in a legal malpractice claim is not permitted due to the peremptive time period set forth in La.R.S. 9:5605 (internal citations omitted):

> Because it is well established that "nothing may interfere with the running of a peremptive period," *Hebert* [*v. Doctors Memorial Hosp.*, 486 So.2d 717, 723 (La.1986)], and avoiding the peremptive period certainly interferes with the running of that period, relation back of an amended or supplemental pleading adding a plaintiff is not allowed to avoid the running of a peremptive period such as that found in La. R.S. 9:5605. Further, the relation back theory assumes that there is a legally viable claim to which the pleading can relate back. Prescription only prevents the enforcement of a right by legal action, it does not terminate the natural obligation. Peremption, however, destroys the cause of action itself. Because the cause of action no longer exists after the termination of the peremptive period and any right to assert the claim is destroyed, there is nothing to which an amended or supplemental

12

pleading filed after the peremptive period has expired can relate back. Therefore, because the Naghi's original petition, filed within the peremptive period, was brought by a party with no right of action to sue, the First Supplemental/Amending Petition filed after the peremptive party brought on behalf of the proper party plaintiff cannot relate back to the original timely filed petition.

Here, Plaintiffs filed their legal malpractice lawsuit on February 22, 2016. Clearly by this date, Plaintiffs had knowledge of Defendants' alleged malpractice. Given that more than three years has passed since commencement of the lawsuit, Plaintiffs' claim is now perempted and we decline to grant the Plaintiffs leave to amend their petition.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Appellants, JRB Holdings, LLC and/or JRB Holdings, LLC in its Representative Capacity for MST, LLC and/or John Ray Broussard.

**AFFIRMED.**